IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EPHRAIM BARR | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| TROY LEVI, Warden, and | : | NO.  06-4683 |
| FDC Philadelphia | : | |

**MEMORANDUM  AND  ORDER**

**ROBERT F. KELLY, Sr. J.**                                                                             **MAY 11, 2007**

        This is a <u>Bivens</u> action[1] filed by Plaintiff Ephraim Barr, an inmate housed at the Federal Detention Center (FDC) Philadelphia.  Plaintiff names as Defendants, Troy Levi, Warden, and FDC Philadelphia.  He seeks restoration of his telephone privileges, a change in the prison rules with respect to legal telephone calls, and release from the Special Housing Unit.

        Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or in the alternative a motion for summary judgment under Fed. R. Civ. P. 56(b).

        With their motion, Defendants filed "Exhibit 1" which contained a Declaration of Darrin Howard, together with numerous other documents.  Because the statements in the Declaration were necessary for a determination as to whether or not Plaintiff exhausted his administrative remedies, we advised the parties that that issue could not be decided in the context of a motion to dismiss.  Therefore, the parties were advised that we would treat the motion as one for summary judgment.

        Plaintiff Ephraim Barr was given an additional 20 days from March 27, 2007 to

---

[1] <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

file a Counter Declaration or other material for the Court's consideration in deciding the motion for summary judgment.

On April 5, 2007, Plaintiff wrote to the Court acknowledging receipt of our Memorandum and Order of March 27, 2007 and referring us to a document that he sent to the Court on March 19, 2007, which we had not previously been aware of.  We concluded from this that Plaintiff meant for the March 19, 2007 document to be the response we requested in our March 27, 2007 Memorandum and Order.

After reviewing Plaintiff's response I conclude that it makes no attempt to deny the statements contained in the Declaration of Darrin Howard that outline the BOP administrative remedy process for inmates set forth in C.F.R. § 542.10 et seq.

Mr. Howard concluded in ¶ 8 of his Declaration "following a search of the indexes for any administrative remedy filed by inmate Barr, I determined he had not exhausted his available administrative remedies on any issue raised in this civil action."  Along with Mr. Howard's Declaration Exhibit 1 submitted by Defendants contained supporting documents for that affidavit.

Plaintiff also submitted documentation with his response of March 19, 2007, these also support Mr. Howard's conclusion that Plaintiff has not exhausted his administrative remedies.  For that reason this Complaint will be dismissed.

The Complaint should also be dismissed because Plaintiff has failed to state a claim on which relief may be granted.  He claims that his telephone restrictions constitute violations of his rights to due process and to the assistance of counsel.  Complaint at 4.  The Constitution, however, does not guarantee prisoners unfettered access to unmonitored legal

telephone calls.  See <u>Mann v. Reynolds</u>, 46 F.3d 1055, 1060 (10th Cir. 1998) (no Sixth Amendment requirement for full and unfettered contact between an inmate and his attorney); <u>Aswegan v. Henry</u>, 981 F.2d 313, 314 (8th Cir. 1992) (rejecting the argument that prisoners have a right to "any particular means of access").

   Notwithstanding his telephone restrictions, Plaintiff can communicate with his attorney in person or in writing.  Also, if he can demonstrate these means of communication are ineffective, the BOP policy allows him to speak with his attorney by telephone.  28 C.F.R. § 540.10-.9, 540.40-.46, 540.103.  Plaintiff does not allege that he was unable to communicate with his attorney in person or in writing.

   Plaintiff has not alleged facts which would support a claim for violation of his Fifth or Sixth Amendment rights.  Therefore, the Complaint will also be dismissed for failure to state a claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EPHRAIM BARR | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| TROY LEVI, Warden, and | : | NO.  06-4683 |
| FDC Philadelphia | : | |

## O R D E R

**AND NOW**, this 11th day of May, 2007, after consideration of Defendants' motion for summary judgment and Plaintiff's response thereto, it is **ORDERED** that the motion is **GRANTED** for the reasons set forth in the attached Memorandum.  This case is **DISMISSED WITH PREJUDICE**.   The Clerk shall close this case statistically.

BY THE COURT

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE